IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

1032-1034 LEX. AVE., LTD.

        Plaintiff,

vs.                                  1:25-cv-00491-WJ-LF

ALAN C. FOX,
ACF PROPERTY MANAGEMENT,
THE ALAN C. FOX REVOCABLE TRUST,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction **[Doc. 4]** ("Motion"). Having reviewed the parties' briefs **[Doc. 4, 5, 11]** and the applicable law, the Court concludes that this Court's exercise of personal jurisdiction over Defendants would not be consistent with due process; accordingly, Defendants' Motion **[Doc. 4]** is **GRANTED**.

## BACKGROUND

Plaintiff 1032-1034 Lex Ave. Ltd. ("Lex") filed its Original Complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico, on March 12, 2025. **[Doc. 1-2]**.  The Complaint names Alan C. Fox, ACF Property Management, Inc., and the Alan C. Fox Revocable Trust as Defendants.  **[Doc. 1-2 at 1].** The Original Complaint asserts two state law causes of action for (1) breach of contract and (2) fraud.  **[Doc. 1-2 at 2-3]**.

The allegations of the Complaint relate to a commercial property in Denver, Colorado, Writer Square Shopping Center.  **[Doc. 1-2 at 2]**.  The Original Complaint asserts that:

> "This court has personal jurisdiction over Defendants
> because each of them has conducted business in this
> District and have otherwise directed their conduct toward this District."

**[Doc. 1-2 at 1]**.  The Complaint makes no further reference to New Mexico.

The case was removed to this Court by the Defendants based on diversity of citizenship jurisdiction.  **[Doc. 1 at 1]**.  There is no dispute that complete diversity of citizenship exists and Plaintiff has not contested removal of the case.

Defendants filed their Motion on May 30, 2025.  **[Doc. 4]**.  The Motion seeks dismissal on two grounds.  First, the Motion asserts that there is no personal jurisdiction over Defendants in New Mexico.  **[Doc. 4 at 4-8]**.  Second, the Motion argues that the Original Complaint fails to state a claim on which relief can be granted.  **[Doc. 4 at 8-15]**. The Motion is supported by the Declaration of Alan C. Fox.  **[Doc. 4-1]**.   Plaintiff filed his Response in opposition to Defendants' Motion on June 18, 2025.  **[Doc. 5]**.  Attached to the Response is the Affidavit of Stephen Kirshenbaum. **[Doc. 5-1]**.  Defendants' Reply was then filed on July 2, 2025.  **[Doc. 11]**.  The Reply is accompanied by the Supplemental Declaration of Alan C. Fox and the Declaration of Edward Delava.  **[Doc. 11-1; Doc. 11-2]**.

## DISCUSSION

A motion to dismiss is an appropriate procedural vehicle for resolving personal jurisdiction issues. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *AST Sports Sci. Inc. v. CLF Distrib. Ltd*., 514 F.3d 1054, 1056 (10th Cir. 2008). However, when a pre-trial motion to dismiss is considered by the court without an evidentiary hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1057. At this early stage in the litigation, the plaintiff's burden is "light." *Id.* at 1056.

"The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205

F.3d 1244, 1247 (10th Cir. 2000) (citation omitted). Plaintiff may also submit affidavits and declarations "that if true would support jurisdiction over the defendant." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (citation omitted). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Intercon, Inc.*, 205 F.3d at 1247 (citation omitted).

To show personal jurisdiction over a nonresident in a diversity action, Plaintiff must show that personal jurisdiction is proper under the laws of the forum state—here, the laws of New Mexico—and that the exercise of personal jurisdiction over Defendants complies with the Due Process Clause of the Fourteenth Amendment. *Dental Dynamics, LLC v. Jolly Dental Grp.*, *LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). New Mexico's long-arm statute enumerates certain acts that can subject a defendant to personal jurisdiction in New Mexico. NMSA 1978, § 38-1-16(A). Among these enumerated acts is "the transaction of any business within this state" and "the contracting to insure any person, property or risk located within this state at the time of contracting." *Id.* § 38-1-16(A)(1), (4). The New Mexico Supreme Court has held the State's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible"; thus, the jurisdictional analysis collapses into a single due-process inquiry. *Tercero v. Roman Cath. Diocese of Norwich, Connecticut*, 2002-NMSC-018, ¶ 6, 48 P.3d 50, 54.

The Due Process Clause authorizes personal jurisdiction where (1) a defendant has established minimum contacts within the forum state, and (2) where the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Dental Dynamics, LLC*, 946 F.3d at 1229. A plaintiff satisfies the "minimum contacts" standard by showing the court may properly exercise either general or specific jurisdiction over the non-resident defendant. The

3

parties do not argue general jurisdiction; therefore, the Court need only address specific jurisdiction. Specific jurisdiction is proper if (1) the out-of-state defendant "purposefully directed" its activities at a resident of the forum, and (2) the litigation results from plaintiff's alleged injuries that "arise out of or relate to" the defendant's activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted).

To show a defendant directed its activities at New Mexico, Plaintiff must point to "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The guiding principle behind the minimum contacts' analysis is that "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1078 (10th Cir. 2004) (citation omitted). A defendant may not be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp.*, 471 U.S. at 475 (citation omitted). However, the Supreme Court has emphasized: "where individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities." *Id*. at 473-74 (citation omitted).

For minimum contacts analysis, even minor contacts with a state, when aggregated, have been found to be sufficient. *Benton*, 375 F.3d at 1078. And, although personal jurisdiction is assessed individually, personal jurisdiction may be found over a defendant who is a "primary participant[] in an alleged wrongdoing" intentionally directed at the forum state by a different defendant. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see also Burger King Corp*, 471 U.S. at 479 n.22. A defendant's direct communication with a forum-state resident can provide "some evidence" of purposeful direction. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 905

(10th Cir. 2017) (citation omitted). Further, the Supreme Court and Tenth Circuit have found it relevant whether the defendant entered into a contractual relationship with the plaintiff with knowledge that the plaintiff was based in the forum state. *See, e.g.*, *Burger King Corp.*, 471 U.S. at 480 (finding minimum contacts in part because of "substantial record evidence indicating that [defendant] most certainly knew that he was affiliating himself with an enterprise based primarily in [the forum state]"); *Benton*, 375 F.3d at 1078 (finding minimum contacts in part because defendant "voluntarily conducted business with [plaintiff], whom [defendant] knew to be located in [the forum state] for many years prior to and at the time of the events at issue").

If a defendant has "no meaningful contacts" in New Mexico, the Court may not assert personal jurisdiction. *Burger King Corp.*, 471 U.S. at 472. However, if minimum contacts are found, the Court must still assess whether asserting personal jurisdiction over Defendants would be unreasonable such that it would offend "traditional notions of fair play and substantial justice." *Benton*, 375 F.3d at 1078 (citation omitted). The defendant bears the burden of presenting "a compelling case" that personal jurisdiction would be unreasonable. *Old Republic Ins. Co.*, 877 F.3d at 909 (citation omitted). Unreasonableness is determined by weighing five factors: "(1) the burden on the defendant, (2) the forum State's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *Id.* (citation omitted). While these factors may be used to defeat jurisdiction, an "especially strong showing of reasonableness may serve to fortify a borderline showing of minimum contacts." *Benton*, 375 F.3d at 1079 (citation and brackets omitted); *see also Burger King Corp.*, 471 U.S. at 477.

The Court's first task is to determine whether Lex Ave's allegations, supported by affidavits, make a *prima facie* showing of minimum contacts necessary to establish jurisdiction over Defendants in New Mexico.    The Court concludes that they do not establish personal jurisdiction over Defendants in New Mexico.

Plaintiff bears the initial burden of showing that the exercise of personal jurisdiction over Defendants complies with the Due Process Clause of the Fourteenth Amendment. *Dental Dynamics, LLC v. Jolly Dental Grp.*, *LLC*, 946 F.3d at 1228 (10th Cir. 2020). The sole named Plaintiff in this action is Lex.    **[Doc. 1-2 at 1]**.   The Original Complaint contains a single, conclusory allegation that" each of [the Defendants] has conducted business in this District and have otherwise directed their conduct toward this District".   **[Doc. 1-2 at 1, ¶ 5]**.   The Complaint contains no factual allegations to support this statement.

The Court may, however, also consider affidavits, declarations, and sworn statements submitted by Plaintiff.  *XMission, L.C. v. Fluent LLC*, 955 F.3d at 839.  Attached to Plaintiff Lex's Response is the Affidavit of non-party Stephen Kirschenbaum.  **[Doc. 5-1]**.  The Affidavit appears to have been prepared and submitted in connection with a different case.  **[Doc. 5-1 at 1, ¶ 1]**.[1] The Affidavit of Mr. Kirschenbaum does not mention Lex or Writer Square Shopping Center. Instead, it recites information about a personal friendship between Mr. Kirschenbaum's sister and Defendant Alan Fox, a visit by Mr. Fox to New Mexico around 2011, a visit by non-party Ed Delava, CFO of Defendant ACR Property Management to New Mexico in 2014, and Mr. Kirschenbaum's personal "generalized" knowledge of the business of ACF Property Management. **[Doc. 5-1 at 1-4]**.  Mr. Kirschenbaum asserts that during those visits, he was solicited by Mr. Fox

---

[1] The Affidavit recites that Mr. Kirschenbaum is "one of the plaintiffs in 1:24-cv-00765." **[Doc. 5-1 at 1, ¶ 1]**.  Case no. 1:24-cv-00765 was dismissed due to lack of personal jurisdiction.  **[1:24-cv-00765, Doc. 28]**.  A third case brought by Lex, 1:25-cv-00490, was voluntarily dismissed. **[1:25-cv-00490, Doc. 8]**.

and as a result of those solicitations, he invested with Mr. Fox and ACF Property Management. **[Doc. 5-1 at 1]**. The Affidavit does not provide any factual detail about the nature of these solicitations, the nature of any investments, or how non-party Kirschenbaum's investments are related to Plaintiff Lex and Lex's claimed harm.

The Affidavit of Mr. Kirschenbaum establishes no more than attenuated contacts with him in New Mexico. *Burger King Corp.*, 471 U.S. at 475. Construing the Affidavit in the light most favorable to Plaintiff, the Affidavit still does not establish (1) the out-of-state defendant "purposefully directed" its activities at the forum, and (2) the litigation results from Plaintiff Lex's alleged injuries that "arise out of or relate to" the defendant's activities. *Burger King Corp*, 471 U.S. at 472; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Affidavit fails to establish that the Defendants' conduct and connection with the forum State are such that they should reasonably anticipate being haled into court here. *Benton v. Cameco Corp.*, 375 F.3d at 1078.

The Defendants' Motion to Dismiss asserts a lack of personal jurisdiction over the Defendants. **[Doc. 4]**. The lack of any purposeful contacts of Defendants with New Mexico sufficient to support personal jurisdiction is bolstered by the Declaration of Alan C. Fox **[Doc. 4-1]**, the Supplemental Declaration of Alan C. Fox, **[Doc. 11-1],** and the Declaration of Edward Delava **[Doc. 11-2]** (all of which also appear to have been prepared for a different case, case no. 1:24-cv-00765). The declarations indicate that Defendant ACF Property Management is not registered to do business in New Mexico, has no offices, assets, employees, or real property in New Mexico, does not own or operate properties in New Mexico, has no bank accounts in New Mexico, has no officer, director, or shareholder in New Mexico, does not solicit investors in New Mexico, and does not advertise or perform any outreach in New Mexico. **[Doc. 4-1 at 1-2]**. The Declaration also shows that Defendant Alan Fox resides in California, the Alan C. Fox Revocable

7

Trust is a personal trust he created to manage his personal assets, and the Trust was formed in California and is governed by California law.  **[Doc. 4-1 at 2]**.  The Declaration of Edward Delava states that his visit to Mr. Kirschenbaum in New Mexico was for personal reasons and not in connection with solicitation of an investment by Plaintiff Lex or the Writer's Square Shopping Center.  **[Doc. 11-2]**.

The Original Complaint, Affidavit, and Declarations are insufficient to make a *prima facie* showing of personal jurisdiction over the Defendants in New Mexico.  Absent sufficient minimal contacts, the exercise of personal jurisdiction over the Defendants in New Mexico does not comport with due process.  *Burger King Corp.*, 471 U.S. at 472.  Therefore, the Court will dismiss this case without prejudice for lack of personal jurisdiction.[2]

### CONCLUSION

The Court finds that Defendants lack sufficient minimum contacts with New Mexico and the exercise of personal jurisdiction over would not comport with Due Process. Defendants' Motion to Dismiss **[Doc. 4]** is **GRANTED** and the case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Defendants' Motion to Dismiss also raises other grounds for dismissal, including statute of limitations.  **[Doc. 4]**.  Because the Court dismisses the case based on lack of personal jurisdiction, the Court does not reach those issues.  The Court notes, however, that the allegations of the Complaint show an approximate 9-year gap between the last date noted (2016) **[Doc. 14 at 2]** and the filing of the Original Complaint in 2025.